IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**SUZANNE C. GIDDINGS,**
    Plaintiff,

v.                                       No: 3:07cv205/MCR/MD

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
    Defendant.
_____

ORDER and

REPORT AND RECOMMENDATION

    Before the court are two motions for authorization of attorney fees and expenses (docs. 24, 36), to which defendant has responded (docs. 31, 38). Plaintiff's counsel originally sought fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), and now seeks compensation pursuant to 42 U.S.C. § 406(b) for time spent in this court successfully obtaining benefits for her client. She seeks a total of $22,060.50 under a contingent fee contract with her client. She has filed an accounting of time spent that shows a total of 71.2 hours as the total time spent representing plaintiff in this court. However, in response to counsel's earlier motion for fees under the EAJA, the undersigned entered a Report and Recommendation (R&R) finding that 40 hours was a reasonable time for counsel to have spent litigating in this court (doc. 35). Counsel did not object to that finding, and the undersigned again finds that 40 hours for work in this court was reasonable. The court will therefore use 40 hours as a benchmark.

    The district judge has not acted on the earlier recommendation, presumably

because the current motion was filed soon thereafter.  The earlier R&R should therefore be vacated and the two motions combined herein.  The motion for EAJA fees has become moot because counsel would be required to refund any amount paid her under the EAJA when the contingent fee is approved, which counsel concedes (doc. 36-3, p. 2).  However, included within the earlier motion and R&R was a filing fee of $350 to paid out of the judgment fund, and that will be included herein.

Plaintiff's counsel concedes that she is entitled to be awarded fees only for the time spent in the judicial portion of the case.  As the result of counsel's efforts in this case, plaintiff was awarded back benefits beginning in 2001, and the Commissioner has withheld $22,060.50 from the amount owed for payment of fees pursuant to § 406(b).  The contingent fee contract at issue here provides that plaintiff shall pay her attorney 25% of the past benefits recovered.

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) the Supreme Court held that, contrary to prior Circuit Court decisions, including *Kay v. Apfel*, 176 F.3d 1322 (11th Cir. 1999), the lodestar approach is not the appropriate standard for awarding fees in cases of this nature.  Rather, this court must independently assess the reasonableness of the fee contract, giving significant weight to its terms, but further considering such concerns as (1) whether the attorney was responsible for the delay (thereby increasing the amount of past-due benefits), and (2) whether the benefits are large in relation to the time spent on the case, thereby granting counsel an undeserved windfall.  535 U.S. at 808, 122 S.Ct. at 1828.  Case law provides little guidance in determining what constitutes the type of windfall about which the *Gisbrecht* court expressed concern, but it approvingly cited to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989), which disapproved the award of a full 25% fee in a case submitted to the court "on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent."  865 F.2d at 739.  On the other hand, the full amount may be appropriate "for extensive effort on the part of counsel who have overcome legal and factual

obstacles to the enhancement of the benefits awarded his clients." *Id.*

Cases decided since *Gisbrecht* have generally been deferential to the terms of contingent fee contracts, accepting *de facto* hourly rates that exceed those for non-contingent fee cases. *See, e.g., Hearn v. Barnhart*, 2003 WL 21186035 (N.D. Cal. 2003) (awarding *de facto* hourly rate of $450); *Boyd v. Barnhart*, 2002 WL 32096590 (E.D.N.Y. 2002) (approving $455); *Dodson v. Barnhart*, 2002 WL 31927589 (W.D. Va. 2002) (approving $694); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380 (S.D. Ga.) (approving $350). In a recent case this court reduced a requested fee, but still awarded an attorney a fee at an effective hourly rate of $1,250.00 in a case in which plaintiff prevailed in this court, but on an issue identified by the magistrate judge, not by counsel. *Lindsey v. Barnhart*, 3:99cv475/RV/MCR (N.D. Fla. 2003). In another case the undersigned recommended an award (approved by the district judge) of a fee with an effective hourly rate of $741.81, *White v. Barnhart*, 3:02cv78/LAC/MD.

Here plaintiff and her attorney agreed to a reasonable fee of 25% of past benefits recovered (doc. 36-2). The Commissioner withheld $22,060.50 from the amount awarded to plaintiff, calculated as 25% of the award. Plaintiff's counsel has reasonably spent 40 hours representing plaintiff in this court. Thus, if she is awarded the full 25% contingency, her effective hourly rate will be $551.51.[1] That hourly rate is well within the range of contingency fees awarded by this court, and is lower than many.

Counsel did not rely on boilerplate pleadings, but succeeded in convincing the court to reverse the decision of the Commissioner. Clearly this involved an extensive effort to overcome legal and factual obstacles to the enhancement of the benefits awarded her client. Plaintiff's counsel has been handling this case since 2000 (although plaintiff's first application was denied), and represented the plaintiff with the expectation that she would receive nothing for her efforts if she was not

---

[1]If counsel's entire 71.2 hours were used as the benchmark, her hourly rate would be only $309.84. The result is the same either way because both hourly rates are well below other rates found by this court to be reasonable.

*Case No: 3:07cv205/MCR/MD*

successful.  It does not appear that counsel was in any way responsible for any delay in the proceedings.  The undersigned therefore finds that the fee requested, being the fee contemplated in the fee agreement between the plaintiff and her attorney, is reasonable.

Accordingly, it is

1. ORDERED that the Report and Recommendation in this case dated December 12, 2008 (doc. 35) is hereby VACATED, and

2. It is respectfully RECOMMENDED that the motions for authorization of attorney fees (docs. 31, 38) be granted to the extent set out below, and that the court

   i. Order the Commissioner to disburse the sum of $22,060.50 to plaintiff's counsel, Stephanie Taylor, Esq., as reasonable attorney fees under Title 42 U.S.C. § 406(b), and

   ii. Order that defendant pay counsel $350 from the Judgment Fund as costs under the EAJA.

At Pensacola, Florida, this 13th day of March, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).