IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SUZANNE C. GIDDINGS,
       Plaintiff,

v.                                     No:   3:07cv205/MCR/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
         Defendant.

_____

## SECOND REPORT AND RECOMMENDATION
## CONCERNING EAJA FEES

       Before the court is plaintiff's petition for attorney fees and costs under the Equal Access to Justice Act (EAJA) (doc. 24).  The plaintiff seeks an award of fees in the amount of $12,601.00.  This encompasses compensation for 71.7 hours spent representing plaintiff in court-related proceedings and in obtaining an award of fees from the court.  Defendant has responded, and does not object to the requested hourly rates of $166.46 for work done in 2007 and $175.67 for work done in 2008, but contests the time spent (docs. 27, 28).  Plaintiff has replied (doc. 31).

       The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no

special circumstances make an award unjust.  The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(I)(A), (B).

In *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 124 L.Ed.2d 239 (1993) the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA.  Here, the court reversed the decision of the Commissioner under sentence four.  The application was filed timely, and the Commissioner's position was not substantially justified.  Accordingly, plaintiff is clearly entitled to fees.  Because the defendant does not contest the hourly fee claimed, discussion of this issue is not warranted.  However, the court concurs with defendant that the case did not justify the amount of time for which compensation is sought by plaintiff.

The claim underlying this appeal was plaintiff's second effort at relief.  The first, *Giddings v. Barnhart*, 3:02cv496/RV/MD (N.D. Fla. 2003), resulted in affirmance of the Commissioner's decision.  This court's decision was not appealed, resulting in a *res judicata* date of February 20, 2002, meaning that plaintiff was not disabled, as a matter of law, on that date.  Plaintiff filed a new application for benefits and prevailed in the instant appeal.

In her reply to the defendant's response to the instant motion, counsel attempts to justify the time expended on this case by emphasizing the size of the record, showing that it is roughly twice the size of the usual case.  That much is true, but that is not the whole story.  In the first appeal, the undersigned recommended affirmance of the ALJ's decision based on the opinion of a treating psychiatrist, Dr. Gushwa.  Between the filing of plaintiff's second application and the instant appeal, plaintiff was hospitalized twice as a potential suicide, and a consulting psychiatrist retained by the defendant opined that plaintiff's chronic bipolar disorder effectively rendered her unemployable.  The ALJ rejected this opinion and relied instead on the

report of the by-then five-year-old report of Dr. Gushwa, who had not seen the plaintiff in the interim.  Therefore, although the record was lengthy, most of it predated the instant application and had little relevance to it.  Moreover, plaintiff's counsel here represented her in the original appeal, and was assuredly familiar with the background facts.  Viewed in this light, the case ultimately was neither complex not difficult.

The undersigned also notes that plaintiff's affidavit and attached documentation reveals what is otherwise unstated.  Plaintiff's counsel is familiar to this court, and respected by it, but the time records indicate that much of the work done in this case, and nearly all of the post-judgment fee work, was done by "BRG," who is unidentified.  Counsel's web page identifies that person as Blythe R. Glemming, Esq., an attorney who graduated from law school, was admitted to the bar, and joined the firm in 2007.  That explains the amount of time spent on the case. The court has no objection to new associates cutting their teeth here, but it is not appropriate to charge the defendant for such a learning curve while making the assertion that plaintiff's counsel is an experienced Social Security attorney.  Ms. Glemming clearly was not.

The undersigned has kept track of time typically spent in Social Security appeals over the last twelve years.  The usual time spent briefing these cases is twenty-five to thirty hours.  The court has recommended reductions in billed hours when they exceeded those parameters,[1] and has recommended larger amounts in unusual cases.[2] This is not one of those unusual cases.  As noted above, plaintiff's counsel of record had been through the record once before, and the new materials

---

[1]*See, e.g., Daniels v. Apfel*, 5:97cv315 (50.8 hours cut to 30.8); *Riser v. Apfel*, 5:97cv20 (46.4 hours cut to 32.8).

[2]*See, e.g., Stansbury v. Apfel*, 5:96cv419 (approving 53.2 hours); *Burks v. Apfel,* 5:98cv176 (approving 44 hours); *Fianciane v. Barnhart*, 5:02cv26 (approving 38.1 hours).

*Case No: 3:07cv205/MCR/MD*

did not add significantly to it.  And, as defendant points out, counsel is claiming a total of thirteen hours in preparing her EAJA application.  A more typical claim for that work is for one or two hours.  There is nothing complicated about applying for fees, even when consumer price index adjustments are factored in, which is the usual case, not the exception.

Based on a careful review of the time records submitted, the undersigned is of the opinion that a reasonable amount of time expended on this case would be 40 hours, computed at 30 hours for briefing, 8 hours for preparing the appeal, consulting with the client, preparing correspondence, and associated matters, and 2 hours for preparing the EAJA application, and that plaintiff's counsel should be compensated accordingly.  Also, as counsel requests, she should be compensated at the rates appropriate to the year the work was done.  All the non-fee application work was done in 2007, and the court finds that the requested hourly rate of $166.46 is reasonable for that work.  The 2008 work was fee-based, and the court finds that the requested hourly rate of $175.67 is reasonable for that work.  The amount payable for fees, therefore, is $6,325.48 for 2007 (38 x $166.46) and $351.34 (2 x $175.67), for a total of $6,676.82.

Plaintiff also requests $350 for her filing fee (payable from the Judgment Fund) and $181.35 for other costs (payable under the EAJA), to which defendant agrees.

It is therefore respectfully RECOMMENDED that:

1.  The plaintiff's application for attorney fees and costs (doc. 24) should be granted as set forth below.

2.  The court should specifically find that the plaintiff's counsel, Stephanie R. Taylor, Esquire, is entitled to recover a reasonable fee for representing plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA), that attorney fees and costs under the EAJA in the amount of $6,858.17 ($6,676.82 + $181.35) are reasonable, and that the

Commissioner be directed to pay counsel that amount, plus $350.00 from the Judgment Fund for the filing fee.


At Pensacola, Florida this 20th day of March, 2009.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**


Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).