IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SUZANNE C. GIDDINGS,
                Plaintiff,

v.                                                          Case No: 3:07cv205/MCR/MD

MICHAEL J. ASTRUE,
Commissioner of Social Security,
                Defendant.

_____

SECOND ORDER and
REPORT AND RECOMMENDATION CONCERNING
ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

        Before the is a motion for authorization of attorney fees and expenses (doc.
36), to which defendant has responded (docs. 38). Plaintiff's counsel seeks
compensation pursuant to 42 U.S.C. § 406(b) for time spent in this court successfully
obtaining benefits for her client. She seeks a total of $22,060.50 under a contingent
fee contract with her client. She has filed an accounting of time spent that shows a
total of 71.2 hours as the total time spent representing plaintiff in this court.
Plaintiff's counsel concedes that she is entitled to be awarded fees only for the time
spent in the judicial portion of the case. As the result of counsel's efforts in this
case, plaintiff was awarded back benefits beginning in 2001, and the Commissioner
has withheld $22,060.50 from the amount owed for payment of fees pursuant to §
406(b). The contingent fee contract at issue here provides that plaintiff shall pay her
attorney 25% of the past benefits recovered.

        In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)
the Supreme Court held that, contrary to prior Circuit Court decisions, including *Kay*

*v. Apfel*, 176 F.3d 1322 (11th Cir. 1999), the lodestar approach is not the appropriate standard for awarding fees in cases of this nature. Rather, this court must independently assess the reasonableness of the fee contract, giving significant weight to its terms, but further considering such concerns as (1) whether the attorney was responsible for the delay (thereby increasing the amount of past-due benefits), and (2) whether the benefits are large in relation to the time spent on the case, thereby granting counsel an undeserved windfall. 535 U.S. at 808, 122 S.Ct. at 1828. Case law provides little guidance in determining what constitutes the type of windfall about which the *Gisbrecht* court expressed concern, but it approvingly cited to *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989), which disapproved the award of a full 25% fee in a case submitted to the court "on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent." 865 F.2d at 739. On the other hand, the full amount may be appropriate "for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded his clients." *Id.*

Cases decided since *Gisbrecht* have generally been deferential to the terms of contingent fee contracts, accepting *de facto* hourly rates that exceed those for non-contingent fee cases. *See, e.g., Hearn v. Barnhart*, 2003 WL 21186035 (N.D. Cal. 2003) (awarding *de facto* hourly rate of $450); *Boyd v. Barnhart*, 2002 WL 32096590 (E.D.N.Y. 2002) (approving $455); *Dodson v. Barnhart*, 2002 WL 31927589 (W.D. Va. 2002) (approving $694); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380 (S.D. Ga.) (approving $350). In a recent case this court reduced a requested fee, but still awarded an attorney a fee at an effective hourly rate of $1,250.00 in a case in which plaintiff prevailed in this court, but on an issue identified by the magistrate judge, not by counsel. *Lindsey v. Barnhart*, 3:99cv475/RV/MCR (N.D. Fla. 2003). In another case the undersigned recommended an award (approved by the district judge) of a fee with an effective hourly rate of $741.81, *White v. Barnhart*, 3:02cv78/LAC/MD. Here plaintiff and her attorney agreed to a reasonable fee of 25% of past benefits

recovered (doc. 36-2). The Commissioner withheld $22,060.50 from the amount awarded to plaintiff, calculated as 25% of the award. Plaintiff's counsel has reasonably spent 40 hours representing plaintiff in this court. Thus, if she is awarded the full 25% contingency, her effective hourly rate will be $551.51.[1] That hourly rate is well within the range of contingency fees awarded by this court, and is lower than many.  Counsel did not rely on boilerplate pleadings, but succeeded in convincing the court to reverse the decision of the Commissioner. Clearly this involved an extensive effort to overcome legal and factual obstacles to the enhancement of the benefits awarded her client. Plaintiff's counsel has been handling this case since 2000 (although plaintiff's first application was denied), and represented the plaintiff with the expectation that she would receive nothing for her efforts if she was not successful. It does not appear that counsel was in any way responsible for any delay in the proceedings. The undersigned therefore finds that the fee requested, being the fee contemplated in the fee agreement between the plaintiff and her attorney, is reasonable.

Plaintiff's counsel concedes that any fees paid to her under the Equal Access to Justice Act (EAJA) must in turn be paid to the plaintiff, Suzanne Giddings.

Accordingly, it is

1. ORDERED that the Report and Recommendation in this case dated March 13, 2009 (doc. 39) is hereby VACATED, and

2. It is respectfully RECOMMENDED that:

     i.     The motion for authorization of  attorney fees (doc. 36) be granted and that the court order the Commissioner to disburse the sum of $22,060.50 to plaintiff's counsel, Stephanie Taylor, Esq., as reasonable attorney fees under Title 42 U.S.C. § 406(b).

---

[1]If counsel's entire 71.2 hours were used as the benchmark, her hourly rate would be only $309.84. The result is the same either way because both hourly rates are well below other rates found by this court to be reasonable.

    ii.      **The court orders plaintiff's counsel to pay over to the plaintiff, Suzanne Giddings, any amount (other than costs and expenses) paid to her under the EAJA.**

**At Pensacola, Florida, this 20th day of March, 2009.**

/s/ *Miles Davis*

      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**